IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| CHRISTOPHER K. STAHL,<br><br>        Plaintiff,<br>vs.<br>CARLA GUTIERREZ STAHL,<br><br>        Defendant. | CIVIL CASE NO. 12-00016<br><br>**ORDER AND OPINION ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

Before the court is Defendant Carla Gutierrez Stahl's Motion to Dismiss. ECF No. 5. Defendant moves to dismiss Plaintiff's Complaint ("the Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *Id*. at 2. In the alternative, Defendant argues that the court should abstain from exercising jurisdiction in this case. *Id*. at 5. Plaintiff Christopher Stahl opposes the Motion. *See* ECF No. 7. After reviewing the parties' briefs, relevant cases and statutes, and having heard argument from counsel on the matter, the court hereby **GRANTS** the Motion in part and **DENIES** it in part for the reasons stated herein.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On December 28, 2010, Defendant Carla Gutierrez Stahl ("Carla") filed a complaint for divorce in the Superior Court of Guam. Def.'s Mot. Ex. A, ECF No. 5. While the Guam divorce action was proceeding, Plaintiff Christopher Stahl ("Christopher") filed for divorce in the Circuit

Court of Loudoun County, Virginia on April 13, 2011. ECF No. 17. The Virginia court issued a Final Order of Divorce on July 17, 2012. Compl. Ex. A, ECF No. 1. In the Final Order of Divorce, the court ordered a $160,500 monetary award and a $12,000 award for attorney's fees to Christopher. *Id*. at 3–4. The judgment did not determine child custody, child support, or spousal support since those issues were not presented to the court. *Id*. at 2.

On October 24, 2011, Christopher filed a separate complaint in the Superior Court of Guam requesting the determination of child custody, visitation, and support. Def.'s Reply Ex. B, ECF No. 26. Carla filed a motion to consolidate the case with the pending Superior Court divorce proceeding, which was denied, and the Superior Court sua sponte dismissed Christopher's complaint. *Id*.

On August 27, 2012, Christopher filed a motion to dismiss the Guam divorce complaint filed by Carla because the parties were now divorced pursuant to the Virginia judgment, which he argued was entitled to full faith and credit. Def.'s Reply Ex. A, at 10, ECF No. 26. On September 20, 2012, Christopher also raised the same issue in the answer and counterclaim to Carla's divorce complaint. Def.'s Mot. Ex. B. The Guam divorce action is still ongoing and is set for trial on May 20, 2013.

On September 25, 2012, Christopher commenced this action in federal court. *See* Compl., ECF No. 1. In Count I of the Complaint, he prays for judgment against Carla in the amount of $172,000 and other orders necessary to fully enforce the Virginia court's Final Order of Divorce. In Count II, Christopher requests the court issue an order declaring that the Final Order of Divorce is a valid final judgment entitled to full faith and credit under 28 U.S.C. § 1738. *Id*. at 4.

On October 16, 2012, Carla filed the instant Motion to Dismiss for lack of subject matter jurisdiction. ECF No. 5. The Motion relies on the domestic relations exception, which excludes "domestic relations" cases from the jurisdiction of lower federal courts. In the event the court

determines that the exception does not apply, Carla argues it should nonetheless abstain from exercising jurisdiction. On October 31, 2012, Christopher filed an Opposition to Motion to Dismiss, arguing that this case does not fall within the very narrow domestic relations exception and that abstention is not appropriate because the Complaint "only seeks assistance in collecting the monetary award made by the Virginia court. It does not ask the court to issue or modify a divorce decree or support order." Pl.'s Opp'n at 5, ECF No. 7.

## II. ANALYSIS

### A. Domestic Relations Exception

Both parties agree that the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are present: the amount in controversy is $172,000, and the matter is between a resident of Guam and a resident of Virginia.[1] Compl. at 1, ECF No. 1. However, the domestic relations exception "exclud[es] 'domestic relations' cases from the jurisdiction of lower federal courts, a jurisdictional limitation those courts have recognized ever since" *Barber v. Barber*, 62 U.S. 582 (1858). *Ankenbrandt v. Richards*, 504 U.S. 689, 694 (1992). Yet the Supreme Court has held that the exception "covers only 'a narrow range of domestic relations issues'" and only "divests the federal courts of power to *issue* divorce, alimony, and child custody decrees." *Marshall v. Marshall*, 547 U.S. 293, 307 (2006) (quoting *Ankenbrandt*, 504 U.S. at 700); *Ankenbrandt*, 504 U.S. at 703 (emphasis added). The Court explained that because "some lower courts had applied the domestic relations exception well beyond the circumscribed situations posed by *Barber* and

---

[1] Christopher argued in the Opposition that federal question jurisdiction, which is not subject to the domestic relations exception, exists in this case based on the Full Faith and Credit statute, 28 U.S.C. § 1738. Pl.'s Opp'n 2–4, ECF No. 7; *see Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 947 (9th Cir. 2008) ("the domestic relations exception applies only to the diversity jurisdiction statute"). However, the Supreme Court has held that "the Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action. Rather, the Clause 'only prescribes a rule by which courts, Federal and state, are to be guided when a question arises in the progress of a pending suit as to the faith and credit to be given by the court to the public acts, records, and judicial proceedings of a State other than that in which the court is sitting.'" *Thompson v. Thompson*, 484 U.S. 174, 182–83 (1988). At the hearing for the Motion, counsel did not raise or address this issue at all, which the court construes as Christopher conceding that this case only implicates diversity jurisdiction.

Page 3 of 10

its progeny, we clarified that only divorce, alimony, and child custody decrees remain outside federal jurisdictional bounds." *Marshall*, 547 U.S. at 307–08 (internal quotation marks and citations omitted).

Here, Christopher is requesting enforcement of the Virginia Final Order of Divorce by way of a $172,000 money judgment and a declaration affirming the validity of the Virginia court's order. *See* Compl. This does not require the court to *issue* a divorce, alimony, or child custody decree as the Virginia court has already issued the divorce decree and it did not adjudicate alimony or child custody.[2] *See* Def.'s Mot. Ex. B. As Christopher is merely asking the court to enforce the Virginia judgment, this case falls outside the narrow domestic relations exception as articulated by the Supreme Court in *Ankenbrandt*. In fact, the "holding of the [*Barber*] case itself sanctioned the exercise of federal jurisdiction over the *enforcement* of an alimony decree that had been properly obtained in a state court of competent jurisdiction." *Ankenbrandt*, 504 U.S. at 702 (emphasis added).

Furthermore, the Ninth Circuit has recognized that controversies involving the invalidation of divorce decrees from state courts do not divest the federal court of jurisdiction pursuant to the domestic relations exception. *Steel v. United States* involved a plaintiff who sought to establish the validity of a California divorce judgment over a Virginia divorce judgment which was obtained by her former husband. 813 F.2d 1545, 1546 (9th Cir. 1987). The court stated that "the Ninth Circuit has recognized that 'a suit attacking a state court judgment as void for want of subject-matter jurisdiction lies within the federal province, if the other requisites for federal jurisdiction are present. Jurisdiction thus grounded is not lost simply because the

---

[2] At the hearing, counsel for Carla argued that the language in the Virginia court's order regarding that court's jurisdiction over the child custody, child support, and spousal support issues somehow triggers the domestic relations exception. This argument is unpersuasive. Christopher is merely asking the court to enforce the judgment. As the Virginia court did not adjudicate custody or support, the court is not being asked to enforce modifiable custody or support orders. Furthermore, Christopher is not asking the court itself to issue or otherwise modify any such orders.

Page 4 of 10

judgment attacked is a divorce decree.'" *Id.* at 1552 (quoting *Rapoport v. Rapoport*, 416 F.2d 41, 43 (9th Cir. 1969)). The Ninth Circuit concluded that the district court had subject matter jurisdiction over the case, and thus, neither the domestic relations exception nor abstention[3] based on the exception was appropriate. *Id.*

Although *Steel* and *Rapoport* involved invalidation, rather than enforcement, of state divorce decrees, it would seem that the Ninth Circuit's reasoning in those cases would apply in this instance. Enforcement of a divorce decree requires that the court determine whether the decree "had been properly obtained in a state court of competent jurisdiction." *Ankenbrandt*, 504 U.S. at 702. The court undertakes the same analysis whether the plaintiff is requesting the court to enforce or invalidate a divorce decree. Thus, pursuant to *Steel* and *Rapoport*, the domestic relations exception does not apply and abstention based on the exception is not appropriate in the instant case.

### B. *Colorado River* Doctrine

Although abstention based on the domestic relations exception is not applicable, the court may still decline to exercise jurisdiction pursuant to other doctrines. *See Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) (rejecting the argument "that once a request for abstention is made, it is beyond the power of the District Court to consider possible interpretations that have not been put forth by the parties"). "'Abstention from the exercise of federal jurisdiction is the exception, not the rule'…[and] rarely should be invoked, because the federal courts have a 'virtually unflagging obligation…to exercise the jurisdiction given them.'" *Ankenbrandt*, 504 U.S. at 705 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817 (1976)).

---

[3] "The domestic relations exception *requires* district courts to decline cases involving pure determinations of domestic status: marriage, divorce, annulment, and paternity. It also *allows* courts to abstain from cases where status determinations are involved tangentially [u]nder [a] doctrine of permissive abstention." *Steel*, 813 F.2d at 1552 (emphasis in original).

Page 5 of 10

Case 1:12-cv-00016   Document 31   Filed 04/10/13   Page 5 of 10

However, in *Colorado River*, the Supreme Court recognized that exceptional "circumstances [may] permit[ ] the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration." 424 U.S. at 818. The Ninth Circuit has established an eight-factor inquiry for determining whether a stay or dismissal pursuant to *Colorado River* is warranted:

(1) which court first assumed jurisdiction over any property at stake;
(2) the inconvenience of the federal forum;
(3) the desire to avoid piecemeal litigation;
(4) the order in which the forums obtained jurisdiction;
(5) whether federal law or state law provides the rule of decision on the merits;
(6) whether the state court proceedings can adequately protect the rights of the federal litigants;
(7) the desire to avoid forum shopping; and
(8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011) (citing *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002)).

### 1. Order of Jurisdiction over Property and Inconvenience of Federal Forum

Here, the first factor is neutral because the instant dispute does not involve a specific piece of property since the action is merely for enforcement of a judgment. The second factor is also neutral because the District Court and the Superior Court of Guam are within one mile of each other.

### 2. Desire to Avoid Piecemeal Litigation

With respect to the third factor, "[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *R.R. Street*, 656 F.3d at 979 (quoting *Am. Int'l Underwriters, (Phil.), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)). Here, piecemeal litigation is present. The issue of whether the Virginia divorce decree is entitled to full faith and credit is pending in both the federal action and the local Guam divorce action. In light of the fact that there are additional community assets and

debts that have yet to be apportioned between the parties,[4] there is a strong desire to have all issues having an effect on such distribution litigated in a comprehensive state forum that provides "superior competence…in settling family disputes." *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983). Accordingly, the third factor weighs against exercising jurisdiction.

### 3. Order of Jurisdiction

The Superior Court of Guam was the first to exercise jurisdiction over the full faith and credit claim when Christopher raised it in the motion to dismiss and the answer and counterclaim, which were filed in Superior Court on August 27, 2012 and September 20, 2012, respectively. Def.'s Reply Ex. A, at 10, ECF No. 26; Def.'s Mot. Ex. B, ECF No. 5. Thus, Christopher had raised the full faith and credit issue in Superior Court twice before he filed the Complaint in federal court on September 25, 2012. The Ninth Circuit has stated, however, that "it is important not only to determine whether the state or the federal complaint was filed first, but also to assess how much progress has been made in the two actions." *Am. Int'l Underwriters*, 843 F.2d at 1257 (citing *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 461 U.S. 1, 16 (1983)). The Superior Court held a hearing on Christopher's motion to dismiss Carla's divorce complaint on March 22, 2013, and the motion is currently under advisement. The case is set for trial in the Superior Court of Guam on May 20, 2013. Both the federal and state actions with respect to this claim have progressed evenly. Therefore, the fourth factor is neutral.

### 4. Source of Law

To recognize and enforce a state court judgment, the examining court must determine that the judgment had been properly obtained in a state court of competent jurisdiction—i.e., that the issuing court had personal and subject matter jurisdiction, that the order was final, and that the

---

[4] For example, on June 14, 2012, Christopher filed a third-party complaint against Carla for a community debt in *Richard Untalan v. Christopher Stahl*, Case No. CV1212-11 (Superior Court of Guam). Def.'s Reply Ex. D, ECF No. 26.

procedures comported with the requirements of due process. Such analysis requires application of both Virginia state and federal constitutional law. "Although the presence of federal-law issues must always be a major consideration weighing against surrender of jurisdiction, the presence of state-law issues may weigh in favor of that surrender only in some rare circumstances." *R.R. Street*, 656 F.3d at 980 (internal quotation marks and citations omitted). On the other hand, "[i]f state and federal courts have concurrent jurisdiction over a claim, this factor becomes less significant." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (state court had concurrent jurisdiction over federal RICO claims). The issue of full faith and credit is equally appropriate for adjudication in both the Superior Court of Guam and the federal court as 28 U.S.C. § 1738 applies to both. Because the claim requires applying a mix of state and federal law and the fact that there is concurrent jurisdiction over the claim, the fifth factor is neutral.

### 5. Adequacy of State Court

The Ninth Circuit has stated that "[a] district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants. For example, if there is a possibility that the parties will not be able to raise their claims in the state proceeding, a stay or dismissal is inappropriate." *R.R. Street*, 656 F.3d at 981. There is no indication that the Superior Court of Guam is incapable of determining the validity and preclusive effect of the Virginia judgment.[5] The issue has already been raised in Christopher's motion to dismiss and answer and counterclaim, and it is currently under advisement before the Superior Court. Thus, the sixth factor weighs against exercising jurisdiction. However, the Ninth Circuit has noted that this factor "is more important when it weighs in favor of federal jurisdiction." *Id*. (quoting *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1370 (9th Cir.

---

[5] Christopher claims that since Carla's father is a former governor of Guam, the court is obliged to provide "an objective, unbiased forum" which affords "protection of out-of-state litigations from local bias by state (or territory) courts." Pl.'s Opp'n 11, ECF No. 7. It cannot be presumed that the Superior Court of Guam is unable to provide an objective and unbiased forum due to the mere fact that Carla's father is a former governor, and Christopher has not provided evidence of any such bias.

1990)).

### 6. Desire to Avoid Forum Shopping

In the context of insurance companies involved in litigation, the Ninth Circuit has defined forum shopping as "filing a federal court declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action." *Am. Cas. Co. of Reading, Pa. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999). The Ninth Circuit has stated that it is "cautious about labeling as 'forum shopping' a plaintiff's desire to bring *previously unasserted* claims in federal court." *R.R. Street*, 656 F.3d at 982 (emphasis added). Here, however, the full faith and credit claim was asserted twice in the Superior Court of Guam before the filing of the federal Complaint. Moreover, Christopher has been actively involved in the local Guam proceeding, which suggests that the filing of the federal action was an opportunistic tactic that can be classified as forum shopping. Consequently, the seventh factor weighs against exercising jurisdiction.

### 7. Parallel Proceedings

The final factor is "whether the state court proceeding sufficiently parallels the federal proceeding" and will resolve all issues before the federal court. *R.R. Street*, 656 F.3d at 982. In the Complaint, Christopher is requesting a judgment to enforce the Virginia divorce decree. Similarly, in the Superior Court proceeding, he is requesting a judgment to enforce the divorce decree against Carla in his counterclaim. These claims are identical. Accordingly, the final factor weighs against exercising jurisdiction.

In sum, four of the eight factors weigh against exercising jurisdiction and four are neutral. "Ultimately, 'the decision whether to dismiss a federal action because of parallel state-court litigation' hinges on 'a careful balancing of the [relevant] factors…with the balance heavily weighted in favor of the exercise of jurisdiction." *R.R. Street*, 656 F.3d at 983 (alteration in

original) (quoting *Moses H. Cone*, 460 U.S. at 16). Despite the balance being heavily weighted in favor of the exercise of jurisdiction, *none* of the factors weigh in favor of exercising federal jurisdiction, and the avoidance of piecemeal litigation weighs significantly against exercising jurisdiction. The court is confident that the Superior Court action "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28. Accordingly, the "exceptional" circumstances warranting a stay or "dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration" are present. *Colorado River*, 424 U.S. at 818.

The Ninth Circuit "generally require[s] a stay rather than a dismissal" when the *Colorado River* doctrine applies. *R.R. Street*, 656 F.3d at 978 n.8 (citing *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135 (9th Cir. 1990)). Therefore, as the *Colorado River* doctrine is applicable and since the Ninth Circuit generally requires stays rather than dismissals, the court will stay the present action.

### III.    CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** in part and **DENIES** in part Defendant Carla Gutierrez Stahl's Motion to Dismiss. The court will decline to exercise its jurisdiction and stay the case. Plaintiff Christopher Stahl shall file a status report with the court on July 1, 2013, and every three months thereafter, to update the court as to the status of the action in the Superior Court of Guam.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
      **Chief Judge**
**Dated: Apr 10, 2013**